UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON DEVALL

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 09-765-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 27, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRANDON DEVALL

VERSUS

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION

NUMBER 09-765-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff Brandon Devall brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's (Commissioner) decision denying his claims for disability and supplemental security income (SSI) benefits. Before the court is the plaintiff's petition for judicial review and appeal of the final administrative decision of the Commissioner.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S.

389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v.* Bowen, 809 F.2d 1054, 1057 (5th Cir. 1981); Western *v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable

2

physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  20 C.F.R. § 404.1505 and § 416.905.  The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits.  20 C.F.R. § 404.1520 and § 416.920.  In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity, (2) the claimant has a severe impairment(s), (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work.  *Masterson*, 309 F.3d at 271.

The burden of proving disability rests on the claimant through the first four steps.  If the claimant shows at step four that he is no longer capable of performing his past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy.  *Myers*, *supra*.  If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work.  *Boyd*, 239 F.3d at 705.

## **Background**

Plaintiff Brandon Devall was 33 years of age at the time of the final administrative decision denying his applications for

benefits.[1]  AR pp. 15, 26.  Plaintiff completed school through the twelfth grade and also completed dental assistant training. Plaintiff had past relevant work as a dental assistant and a caretaker of cattle.  AR pp. 13, 27, 140.  The event leading to the plaintiff's application for benefits was a traumatic back injury resulting from a four-wheeler accident on May 15, 2005.  AR pp. 25, 225, 262.  Test results after the accident showed that the plaintiff had an L1 burst fracture and needed immediate surgery. On May 19 the plaintiff underwent an L1 laminectomy and spinal cord fusion from T11 to L2.  Plaintiff was released from the hospital on May 23, 2005.  Plaintiff attempted to return to work in 2006 and was employed at a plant nursery for about one month, but was unable continue to work because he could not stand for the length of time required.  AR pp. 27-28, 220-45.  In his applications for benefits filed August 18, 2006 the plaintiff alleged the date of his accident as the onset of his disability.  AR pp. 25, 119-26, 134-39.[2]

Plaintiff's applications were denied and the plaintiff requested a hearing before an administrative law judge (ALJ).  AR pp. 39-49.  A hearing was held and the ALJ issued an unfavorable

---

[1] Under the regulations the plaintiff's age placed him in the category of "younger person."  20 C.F.R. §§ 404.1563(c) and 416.963(c).

[2] Plaintiff had filed a previous application for benefits that was denied on November 15, 2005.  AR pp. 25, 134-35.

decision on February 12, 2009.  AR pp. 4-38.  The ALJ found that because of the plaintiff's back injury/surgery, the plaintiff had a severe impairment of chronic back pain.  AR p. 9.  The ALJ concluded that the impairment left the plaintiff with a residual functional capacity for a full range of light work.  AR p. 12.[3] The ALJ also evaluated the plaintiff's alleged mental impairment of depression.  Citing *Stone v. Heckler*[4] the ALJ considered the relevant evidence in light of the functional areas for evaluating mental impairments, and concluded that this impairment was not severe.  AR pp. 9-12.

With a residual functional capacity for light work, and considering the hearing testimony of vocational expert Richard Corbin, the ALJ found that the plaintiff was able to perform his past employment as a dental assistant.  AR pp. 13-14, 35-37.  The ALJ also proceeded to the final step to consider whether the plaintiff was able to perform other substantial gainful activity. Again, based on the vocational expert testimony, the ALJ made an alternative finding that the plaintiff could do other work existing

---

[3] At step three the ALJ found that the plaintiff's impairments did not meet or medically equal a listed impairment.  The residual functional capacity determination is necessary to proceed to steps four and five of the disability analysis.  AR p. 12.

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b) and § 416.967(b).

[4] 752 F.2d 1099 (5th Cir. 1985).

5

in significant numbers in the national economy - the occupation of telephone operator. AR pp. 14-15. In making this alternative finding at the fifth step, the ALJ accepted the assertions of the plaintiff that there were times that he could only sit for 30 minutes, stand for one hour, and walk for 15 minutes. AR pp. 14, 34. Thus, at steps four and five the ALJ reached the same conclusion - the plaintiff was not disabled.

The Appeals Council considered the plaintiff's request for review and denied the request, affirming the ALJ's decision on August 6, 2009. AR pp. 1-3. Plaintiff then filed this petition for judicial review challenging the final decision of the Commissioner that he is not disabled.

## **Analysis**

Plaintiff asserted only one reversible error in the ALJ's decision - the ALJ erred by concluding at step two that his mental impairment was not severe. According to the plaintiff, the ALJ improperly discredited certain aspects of the report of consulting clinical psychologist Fred Tuton. Plaintiff argued that by ignoring aspects of Tuton's report which were favorable to him, the ALJ engaged in "picking and choosing" only the evidence that supported his finding, which is prohibited under Social Security law and regulations.[5]

---

[5] Plaintiff cited *Stone v. Heckler*, and Social Security Ruling 96-3p, which set forth the legal principles and policies governing whether a medically determinable impairment is severe. *Stone,*
(continued...)

Review of the ALJ's decision and the administrative record as a whole demonstrate that the plaintiff's claim of error is without merit.

The ALJ cited and applied *Stone v. Heckler*, which is the correct legal standard, to determine the severity of the plaintiff's mental impairment.[6] Furthermore, the record does not reflect that the ALJ only considered the evidence that supported his own findings. The ALJ considered and weighed Tuton's entire report and all the other evidence related to the plaintiff's mental impairment, and determined that other parts of the report and the record as a whole did not support some of Tuton's conclusions. Therefore, contrary to the plaintiff's argument, the ALJ was not engaged in improper "picking and choosing," but rather engaged in the process of weighing the evidence and determining credibility. This is the role of the ALJ. On judicial review it is not the court's function to reweigh the evidence and make its own findings. As long as the ALJ applied the correct legal standards, considered all the evidence and his conclusions are supported by substantial evidence these findings must be upheld.

The ALJ's decision to not credit portions of Tuton's report,

---

[5](...continued)
*supra*; SSR 96-3p, 1996 WL 374181 (S.S.A. July 2, 1996).

[6] "An impairment can be considered not severe only if it is a slight abnormality [having] such minimal effects on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Stone*, 752 F.2d at 1101; *Loza v. Apfel*, 219 F.3d 378, 392 (5th Cir. 2000).

and the ALJ's finding that the plaintiff's mental impairment was not severe, are both supported by substantial evidence. This evidence is found in the plaintiff's record of mental health treatment, inconsistencies between the plaintiff's written statements and the hearing testimony, the fact that some of Tuton's opinions were not supported by the other evidence of record, and the review by the state agency medical consultant, Jeanne George, PhD.

As the ALJ explained, the plaintiff received treatment only briefly from August to October 2006.[7] Plaintiff's discharge date was listed as March 7, 2007, but the date of his last contact with mental health services was October 27, 2006. The discharge summary stated that the plaintiff responded well to treatment, and the plaintiff reported that his depression and anxiety were improving. Plaintiff testified at the administrative hearing in December 2008 that he was not currently getting any mental health treatment. AR pp. 10, 29, 326-40.

Tuton performed his consultative examination shortly after the plaintiff had his last contact at the mental health center.[8] Two of the six opinions in Tuton's summary were: (1) the plaintiff did not have the ability to sustain effort and persist at a normal pace

---

[7] The records from Margaret Dumas Mental Health Center stated that plaintiff reported he had attempted suicide four months earlier. AR p. 327.

[8] AR pp. 305-09 (November 3, 2006 psychological report of clinical psychologist Fred L. Tuton).

8

over the course of a routine 40 hour week, and (2) the plaintiff could not tolerate the stress associated with daily work activities and demands. The ALJ's explained the reasons for discounting these opinions, and the reasons given are supported by the record. The ALJ noted that immediately prior to Tuton's examination the plaintiff had received a brief course of mental health treatment and those records stated the plaintiff responded well to treatment and felt his condition was improved. After the plaintiff received mental health treatment and was examined by Tuton, the record did not show that the plaintiff sought additional mental health treatment, took medication for his mental impairment, or experienced any episodes of decompensation. Plaintiff reported to Tuton and testified that he had fear and anxiety about leaving home and being around people, and that these problems started after his accident. AR pp. 29-32, 308. Yet, this was contrary to plaintiff's earlier written statements about his daily activities. AR pp. 148-52.

Finally, the ALJ also cited and relied on the assessment of George, the state agency medical consultant. AR pp. 11, 310-24. George reviewed Tuton's report and the other evidence relevant to the plaintiff's mental impairment. She concluded that the plaintiff did not have a severe mental impairment. George specifically noted in her explanation that some of Tuton's opinions were not supported by the rest of his report or the other evidence of record. AR p. 323. After review of all the evidence, the ALJ

credited George's evaluation of the evidence rather than Tuton's unsupported opinions. AR p. 11. The ALJ articulated sufficient reasons for not crediting a portion of Tuton's report and those reasons are supported by the record.

The record as a whole demonstrates that the ALJ applied the correct legal standards and did not improperly weigh the evidence. The ALJ's findings at steps two through five are supported by substantial evidence. Plaintiff's failure to establish a legal or factual basis for reversal of the ALJ's decision requires that the final decision denying the plaintiff's claim for benefits be affirmed.[9]

## **Recommendation**

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of the Commissioner of Social Security denying the claim of Brandon Devall for disability and supplemental security income (SSI) benefits be affirmed and this action be dismissed.

Baton Rouge, Louisiana, December 27, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9] Plaintiff did not claim any errors in the ALJ's finding that he had a physical exertional capacity for light work. Nor did the plaintiff point out any specific errors at steps four and five of the disability analysis.

10